IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| FRED FARROKHI,<br><br>       Plaintiff,<br>vs.<br><br>LAURA ASHLEY, INC., a Massachusetts Corporation,<br><br>       Defendant. | No. CIV 98-0383 PK/RLP |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant's Motion in Limine to Exclude the Alleged Statements of Plaintiff's Subordinates filed January 28, 1999 (doc. 46), and Defendant's Motion for Summary Judgment filed February 22, 1999 (doc. 49), and the court, being advised fully in the premises, finds that both motions are well taken and should be granted.

Background

In this Title VII action, Plaintiff contends that he was discriminated against on the basis of gender when he was not promoted from assistant manager to store manager, after acting in the latter position for two months of his five month tenure. Also included are supplemental state law claims for intentional or negligent infliction of emotional distress and prima facie tort. Plaintiff seeks actual, compensatory and punitive damages, as well

as costs and attorney's fees.

The following facts are uncontroverted. Defendant operates a chain of retail stores that specialize in high quality women's clothing and home furnishings. In July 1996, Defendant interviewed approximately thirty-seven persons for management positions in its newly opened store in the Cottonwood Mall in Albuquerque. Plaintiff and one other candidate, Kathleen Shoemaker, were successful. Thus, thirty-five persons, twenty-eight female and seven male, were not. One of the candidates competing for these positions was Christine Kuchar, the person who would be hired as store manager at a later date. Ms. Kuchar withdrew from the July interview process due to another work commitment.

Plaintiff was hired on July 19, 1996 as an assistant manger by Kathy Lakatta, district manager, and Claire Beasley, regional sales manager. In late-September 1996, the store manager was terminated and Plaintiff became interim store manager. Two candidates were considered for the store manager position, Plaintiff and Ms. Kuchar. Ms. Kuchar was selected by Ms. Lakatta and Ms. Beasley. Plaintiff then resigned in December 1996.
.

## Discussion

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An important function of summary

judgment is to eliminate factually unsupported claims. See Celotex Corp v. Catrett, 477 U.S. 317, 323-24 (1986). The nonmovant may not rest upon his pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Once the movant has identified an element of a claim that the nonmovant cannot prove, all other factual disputes concerning the claim become immaterial and summary judgment is properly entered. See Celotex, 477 U.S. at 322-23. The summary judgment material relied upon by the nonmovant is viewed in the light most favorable to him; however, that material must contain significantly probative evidence that would allow a trier of fact to find in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

In an employment discrimination case, a plaintiff may rely upon direct or indirect evidence of discrimination. See Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1278 (10th Cir. 1999). A plaintiff relying solely on indirect evidence of a failure to promote may meet his burden of production regarding a prima facie case by showing that (1) he belongs to a protected class, (2) he was qualified for the promotion, (3) he was not promoted, and (4) the position was filled or remained open or was filled by another. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Mortenson v. Callaway, 672 F.2d 822, 823 (10th Cir. 1982). Thereafter, the burden of production shifts to the defendant employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas, 411 U.S. at 802; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

Upon such a showing, a plaintiff may avoid summary judgment by showing that the proffered reason is pretextual, unworthy of belief.  See McDonell Douglas, 411 U.S. at 804; Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995).  Contrary to Defendant's suggestion, see Defendant's Br. in Support of Its Motion for Summary Judgment (Defendant's Br.) filed Feb. 22, 1999 at 16 (doc. 50), a plaintiff is not also required to present evidence of discriminatory intent at the pretext stage to avoid summary judgment.  See Randle, 69 F.3d at 452-53 n.17; see also Conner v. Schnuck Markets, Inc., 121 F.3d 1390, 1397 n.6 (10th Cir. 1997).  A non-exhaustive list of evidence that may demonstrate pretext includes: "prior treatment of plaintiff; the employer's policy and practice regarding minority employment (including statistical data); disturbing procedural irregularities (e.g., falsifying or manipulating hiring criteria); and the use of subjective criteria."  Simms v. Oklahoma ex rel. Dep't of Mental Health, 165 F.3d 1321, 1328 (10th Cir. 1999).  The pretext evidence, however, must be sufficient for a reasonable jury to conclude that the employer's proffered reason for the failure to promote must be unworthy of belief.  See id. at 1328-29.

Defendant suggests that it should be afforded a presumption of no discrimination where, as here, the same persons hire and then deny a promotion a short time later to an employee.  See Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 399 (7th Cir. 1997), cert. denied, 118 S. Ct. 1795 (1998).  The circuits are not consistent on the weight to be afforded such a factor, however, given the Tenth Circuit's admonition that upon a showing of pretext, the issue of discriminatory intent is for the jury, see Randle, 69 F.3d

at 453, it is by no means certain that such a presumption would be adopted. See Williams v. Vitro Servs. Corp, 144 F.3d 1438, 1442-43 (11th Cir. 1998) (declining to adopt presumption, instead noting that fact created permissible inference of no discrimination). The court need not and does not adopt no such presumption in resolving this case.

Plaintiff lacks direct evidence of discrimination, notwithstanding certain comments in the workplace about gender. In opposing a summary judgment motion, a nonmovant must rely upon the content or substance of evidence that would be admissible at trial. See Thomas v. International Bus. Mach., 48 F.3d 478, 485 (10th Cir. 1995). In both his complaint and his response to the summary judgment motion, Plaintiff relies upon the October 30, 1996 comment of a subordinate employee, Janelle Moresco, that he would not be promoted because Laura Ashley was "'a woman's shop and it needs ladies to run it and build customers better,'" and "'women don't feel easy with male associates.'" See Plaintiff's First Amended Complaint filed Nov. 24, 1998 at 4, ¶ 11 (doc. 32); Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment (Plaintiff's Memorandum) filed Feb. 22, 1999 at 8-9 & Ex. A at 68-70 (Farrokhi Dep.) (doc. 51). In his deposition, Plaintiff also related that another subordinate, Kathleen Shoemaker, told him on or about November 5, 1996 that "'This is a women-oriented business. It requires lots of experience in that area.'" Plaintiff's Memorandum filed Feb. 22, 1999, Ex. A at 71 (Farrokhi Dep.). Defendant has moved to exclude these statements pursuant to Fed. R. Evid. 402 and 403, see docs. 46 & 47; Plaintiff has not yet responded to the motion.

Regardless, the statements are not admissible because they are not relevant. In his deposition, Plaintiff was unable to tie these comments to anyone involved in the decision to select the store manager, nor is there any indication that these offhand comments are anything other than the personal opinions of the subordinates. Predictions of discrimination by non-decisionmakers are not evidence of pretext. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998); Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 531 (10th Cir. 1994). At the time of the comments, Plaintiff supervised both employees as the most senior managerial employee at the store, and advised the employees that the comments were inappropriate. See Plaintiff's Memorandum filed Feb. 22, 1999, Ex. A at 69-72 (Farrokhi Dep.). Indeed, at the time of Ms. Shoemaker's comment, the challenged employment decision had already been made. See id., Ex. A at 71. Plaintiff was the acting store manager and did not report the comments to his supervisor, Kathy Lakatta, because he "wanted to investigate it completely first." Id., Ex. A at 79-80.

For purposes of the summary judgment motion, Defendant assumes that Plaintiff has made a prima facie case, notwithstanding that he does not appear to be part of a protected class. See Reynolds v. School Dist. No. 1, Denver, Co., 69 F.3d 1523, 1534-35 (10th Cir. 1995); Notari v. Denver Water Dep't, 971 F.2d 585, 589-91 (10th Cir. 1992). Defendant contends that it did not promote Plaintiff to store manager because the person selected, Christine Kuchar, was better qualified, and his managerial capabilities needed more development. In their affidavits, the persons who made the decision to hire Ms.

Kuchar indicated that she had substantial national experience in the clothing retail industry, including management and training with Disney Stores, Inc., Miller's Outpost and American Home Furnishings. See Defendant's Response Br. to Plaintiff's Motion to Amend Complaint filed Oct. 1, 1998, Ex. C at 2, ¶ 6 (Beasley Aff.) & Ex. D at 4, ¶ 12 (Lakatta Aff.) (doc. 22). These persons also indicated that, while Plaintiff was on a management track, he needed to become a more self-reliant manager and improve in the areas of task delegation and staff and customer relations. See id. Ex. C at 3, ¶¶ 7-8 (Beasley Aff.) & Ex. D at 3-6, ¶¶ 9-10, 12-16 (Lakatta Aff.).

Plaintiff attempts to show pretext in several ways. First, he takes issue with Ms. Kuchar's qualifications as indicated on her resume. Her resume reflects that she attained a college degree, had six years as a retail store manager with national stores that specialize in clothing and home furnishings, including service as a store opening coordinator. Compare Defendant's Br. filed Feb. 22, 1999, Ex. D (Kuchar resume) with id. Ex. E (Farrokhi resume). Plaintiff objects to the resume on authenticity grounds; put to the test, Defendant in its reply has attached another affidavit from Ms. Kuchar indicating that the resume is the one she submitted to Defendant, and with one correction, verifying the information contained therein. See Laura Ashley, Inc.' Reply Br. in Support of Its Motion for Summary Judgment (Defendant's Reply Br.) filed Feb. 22, 1999, Ex. I (Kuchar Aff.) (doc. 52).

Second, Plaintiff contends that a genuine issue of material fact exists concerning whether Defendant's personnel were impressed with Ms. Kuchar because only Ms.

Kuchar's affidavit supports this notion.  This is incorrect.  The summary judgment rule plainly allows for affidavits to be used in support of a motion, see Fed. R. Civ. P. 56(e), and affidavits from Defendant's personnel convey their favorable impressions of Ms. Kuchar and her qualifications.  See Defendant's Response Br. to Plaintiff's Motion to Amend Complaint filed Oct. 1, 1998, Ex. C. at 2, ¶ 6 (Beasley Aff.) & Ex. D at 4, ¶ 12 (Lakatta Aff.) (doc. 22).  Plaintiff has not controverted the genuineness of these favorable impressions.

Third, Plaintiff contends that his experience has more breadth than portrayed by the Defendant.  The uncontroverted fact remains that Plaintiff's managerial experience in the fashion and home furnishings industry was of shorter duration and with smaller-scale retailers than Ms. Kuchar's.  Essentially, Plaintiff contends that Defendant should have evaluated his experience more favorably, placing greater weight on his two month tenure as acting store manager and recognizing the similarities between his work for Defendant and his work for other retailers.  He also contends that his employment in the hotel industry, in the room service aspect, see Defendant's Reply Br. filed Feb. 22, 1999, Ex. K at 155-57 (Farrokhi Dep.), deserved favorable consideration.

The summary judgment evidence falls far short of demonstrating that Plaintiff was clearly better qualified; therefore, an inference of pretext is unwarranted.  See Simms, 165 F.3d at 1330; EEOC v. Louisiana Office of Community Servs., 47 F.3d 1438, 1445 (5th Cir. 1995).  Even assuming that Plaintiff's evidence demonstrated that he was as well qualified as the candidate selected, the employer retains discretion to choose among

them, so long as the choice is not based on impermissible factors. See Simms, 165 F.3d at 1330.

Merely because Plaintiff might evaluate his experience more favorably is irrelevant. An employer retains the prerogative to evaluate experience and prefer more and comparable experience to less, absent a showing that the process is a sham. See Reynolds, 69 F.3d at 1535; Sanchez v. Phillip Morris Inc., 992 F.2d 244, 247-48 (10th Cir. 1993); Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988). On summary judgment, inferences must be reasonable and a court will not readily infer that an employer makes economically senseless personnel decisions such as not hiring the most qualified person. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 595-98 (1986). This case falls far short of presenting circumstances "so idiosyncratic or questionable" that an employer's business judgment might be evidence of pretext. Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1169 (10th Cir.), cert. denied, 119 S. Ct. 617 (1998). Plaintiff's opinion that he was better qualified, or at least as well qualified, for the position because of his few months of on-site experience simply does not create a genuine issue of material fact concerning pretext. See Simms, 165 F.3d at 1329-30.

Plaintiff also contends that his experience in the hiring process is indicative of pretext because Ms. Lakatta, the district manager, did not respond immediately to his requests to be considered for the store manager position and did not schedule an interview with him. Rather, Plaintiff had to request an interview at the end of the only

site visit she made to the store.  Plaintiff contends that his interviews with company personnel were perfunctory, and that company personnel provided little or no feedback on his performance as store manager during his tenure, instead obtaining derogatory information from subordinates.  Defendant concedes for purposes of this motion that when Plaintiff questioned the district manager about not being promoted in two phone calls, she became uncontrollably angry, swore, and hung up on him.  See Defendant's Br. filed Feb. 22, 1999 at 4-5.

This, too, is insufficient to demonstrate pretext.  Plaintiff was given an in-person and a telephone interview for the store manager position by company personnel within three weeks of the termination of the former manager.  As for the infrequency of site visits, the store had been open only a few months.  As for Defendant's management and evaluation practices as described by Plaintiff, at best, they demonstrate lack of management oversight and insensitivity, not pretext.  Just as an articulated motivating reason is not converted to pretext because it turns out to be poor business judgment, so too are management decisions that leave something to be desired in efficacy, tact and diplomacy.  See McKnight, 149 F.3d at 1129.  Just as the federal courts are not "super personnel departments," they cannot enforce "best practices" management.  Plaintiff simply has not shown that Defendant's decision was not a product of its good faith belief that Ms. Kuchar's qualifications were better than his own.  See id. ("The test [of pretext] is good faith belief.").

Finally, Defendant relies upon Defendant's "Shop Information: Effective

12/31/96" showing that out of 240 store management positions, only five males were assistant managers and none were managers. See Plaintiff's Memorandum filed Feb. 22, 1999, Ex. 1. Unquestionably, statistical evidence can provide evidence of pretext in employment discrimination cases. See Carter v. Ball, 33 F.3d 450, 456-57 (4th Cir. 1994); see also Fallis v. Kerr-McGee Corp., 944 F.2d 743, 746 (10th Cir. 1991). Such evidence "must show a significant disparity and eliminate nondiscriminatory explanations for the disparity." Fallis, 944 F.2d at 746. Regarding the latter requirement, comparisons must be made among comparable individuals. See id. Here, Plaintiff has provided no information on the qualified population in the relevant labor markets, undercutting the probative value of such statistics. Moreover, given the total lack of evidence to otherwise demonstrate pretext in this disparate treatment case, such statistics alone do not create a genuine issue of material fact about the non-discriminatory reasons advanced by the employer. See Scott v. University of Mississippi, 148 F.2d 493, 510 (5th Cir. 1998); Plair v. E.J. Brach & Sons, Inc., 105 F.3d 343, 349 (7th Cir. 1997); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 848 (1st Cir. 1993).

## Conclusion

The genesis of this lawsuit is Plaintiff's belief that he was treated unfairly. See Defendant's Brief filed Feb. 22, 1999, Ex. C at 98-100 (Farrokhi Dep.). He felt that he was well-qualified to be store manager, having worked hard at the store and acting as its manager for a short while, that he was performing satisfactorily and that an outside

candidate should not have been selected. See id. He then concluded that the same decisionmakers that hired him a few months ago, no doubt fully aware of his gender, discriminated against him on the basis of gender, a somewhat counter-intuitive inference on this record. See Brown v. CSC Logic, Inc., 82 F.3d 651, 658 (5th Cir. 1996). Plaintiff's subjective belief of discrimination, no matter how sincerely held, is not by itself sufficient to withstand summary judgment, let alone support a finding of discrimination. See Aramburu v. Boeing Co., 112 F.3d 1398, 1408 n.7 (10th Cir. 1997). In the end, this is a case where the Plaintiff has confused disappointment with discrimination.

The court declines to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3).

NOW, THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that Defendant's Motion in Limine to Exclude the Alleged Statements of Plaintiff's Subordinates filed January 28, 1999 (doc. 46) is granted;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Summary Judgment filed February 22, 1999 (doc. 49) is granted;

IT IS FURTHER ORDERED THAT the Jury Trial setting in this case (Monday, April 19, 1999 in Albuquerque, see doc. 30) is vacated.

DATED this 24th day of March, 1999 at Santa Fe, New Mexico.

_____
Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Michael D. Armstrong, Albuquerque, New Mexico, for Plaintiff.

Michael L. Carrico and Eleanor K. Bratton, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico for Defendant.